IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHINYERE UZOUKWU,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action No. 11-cv-391 (RLW) |
| | ) | |
| **METROPOLITAN WASHINGTON** | ) | |
| **COUNCIL OF GOVERNMENTS, et** | ) | |
| **al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, who is *pro se*, has filed two pleadings that are presently before the Court for consideration. She has styled the first pleading as "Plaintiff's Affidavit and Request for Appointment of Counsel." (Doc. 63.) In that document, Plaintiff not only requests appointment of counsel, but she also spells out her present financial circumstances, including a recent bankruptcy filing. The Court has reviewed her motion and her bankruptcy documents and hereby grants Plaintiff permission to proceed with this action *in forma pauperis*.

Additionally, for good cause shown, Plaintiff's request for appointment of counsel is hereby granted. In granting Plaintiff's request, the Court does not express any viewpoint on the ultimate merits of Plaintiff's claims. Instead, the Court finds that Plaintiff's claims are not patently frivolous, that she has demonstrated an inability to retain counsel by other means, and that the nature of her claims, though not particularly complex, are difficult to litigate without benefit of counsel. Additionally, appointing counsel will allow this matter to proceed more

efficiently, thereby benefitting the Court and serving the interests of justice. *See* LcvR 83.11(b)(3).

Pursuant to Local Civil Rule 83.11, the Clerk shall appoint counsel from the Court's Civil Pro Bono Panel to represent the Plaintiff. The scheduling conference previously set for February 28, 2014, is hereby vacated and the proceedings in this action are hereby stayed pending completion of the appointment process.

In her second pleading, Plaintiff seeks relief from an order dismissing her state law claims. (Doc. 62; *see* Docs. 60-61.) In response to Plaintiff's amended complaint, (Doc. 52), Defendants filed a motion seeking dismissal of Plaintiff's complaint. (Doc. 53.) The Court then entered an order advising the Plaintiff that failing to respond to the motion in a timely fashion could lead to dismissal of her case. (Doc. 54.) In that order, the Court limited Plaintiff's response to 23 pages, the same number of pages used for the Defendants' motion. (*Id*.) Additionally, the Court prohibited Plaintiff from filing any supplemental or "further" responses without leave of Court. (*Id*.) The Court imposed these requirements because Plaintiff has repeatedly filed voluminous redundant pleadings and, without seeking leaving of court, proceeded to file numerous supplemental pleadings that were also voluminous and that often raised new or conflicting arguments, thereby prejudicing the Defendants and burdening the Court.

In response to the motion to dismiss, Plaintiff filed a timely response in which she repeatedly and clearly asked that her state law claims be withdrawn: "Through this opposition . . . plaintiff withdraws Count III [Tortious Interference], VII [Tortious Interference], and XVI [Negligent Retention/Supervision]." (Doc. 56 at 2; *see id*. at 3, 11, 20.) Further, at the hearing on the motion to dismiss, the Court inquired as to Plaintiff's reason for writing in her responsive

brief that she wished to withdraw her state law claims. Plaintiff responded by indicating that her goal was to make a "limited concession," so as to focus her arguments on defending her federal claims. At no time during the hearing, however, did she actually raise any arguments addressing the legal bases upon which Defendants sought dismissal of her state law claims. Instead she merely indicated that she had hoped to develop factual support for those claims during discovery. Further, Plaintiff never actually expressed a desire to proceed with those claims - - even after Defendants questioned whether she intended to pursue the state law claims. Accordingly, the Court dismissed Plaintiff's state law claims based on her withdrawal of the claims. (*See* Docs. 60, 61.)

In her current motion, she seeks reconsideration and argues that she raised the issue of the "limited concession" during the hearing. She now provides a citation to a case that purports to support this "limited concession" theory. *See Shankar v. ACS-GSI*, 258 F. App'x. 344, 345 (D.C. Cir. 2007). That case, however, actually works in favor of the Defendants. In *Shankar v. ACS-GSI*, the District Court dismissed Plaintiff's claim because he filed several responses to dispositive motions without addressing the argument raised by the Defendant.

Plaintiff next asserts that at the hearing she believed her "limited concession" argument was sufficient to defend her claims and that, after the Defendants questioned whether she planned to continue with those claims, she was "unaware that she had a further opportunity to respond and re-argue." (Doc. 62, Pl's Mot. ¶ 5.) The Court notes however, that after the Court adjourned the hearing, Plaintiff did seek permission to ask additional questions. After going back on the record, Plaintiff inquired as to whether she would have to file a motion in order to obtain a scheduling conference and she asked whether she was allowed to begin discovery. Although Plaintiff (who has some paralegal training) is in need of legal counsel, she has demonstrated

throughout these proceedings that she is familiar with legal principles and rules beyond what one would expect from an ordinary *pro se* plaintiff. But more to the point, Plaintiff had an opportunity to "reargue" the issue, and she failed to do so.

Finally, in her current pleading, Plaintiff asserts that she filed a supplemental brief in which she indicated that she had concentrated her arguments in her primary brief on the federal claims, in an effort to comply with the Court's page limits. (*See* Doc. 59.) She also points out that in the supplemental brief she indicated she wished to retain the right to "re-plead/renew" her state law claims after discovery. (Doc. 59 at 1.) The Court ultimately entered an order striking that brief, which was submitted after the Defendants had filed their reply.

The Court is not convinced by Plaintiff's arguments. With respect to the page limits, Plaintiff's 23 page primary brief contained a great deal of unnecessary and/or redundant discussions about her federal claims. Thus, Plaintiff's inability to address the arguments relating to her state law claims was a product of her own making. Moreover, the Court notes that her supplemental brief solely and unconvincingly addressed, in two very short sentences, a statute of limitations arguments raised by Defendants relating to her state law claims. The supplemental brief did not address the substantive viability of the state law claims.

Therefore, upon consideration of Plaintiff's brief and the entire course of proceedings in this litigation, the Court finds that Plaintiff has waived her right to proceed with her state law claims. Even after being warned that failure to defend those claims could lead to dismissal, in her brief Plaintiff never attempted to address the substantive arguments raised by Defendants. Even at the hearing, she failed to address the state law substantive issues and, when Defendants questioned whether she intended to pursue her state law claims, she never indicated she wished to proceed. Indeed, even though she claims to have believed she was not permitted to respond to

the Defendants' inquiry, she was savvy and confident enough to ask relevant questions about discovery and scheduling conferences - - even after the Court first adjourned the hearing. As such, she has now forfeited her right to pursue her state law claims. *See* LCvR 7(b); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)(upholding district court's grant of a motion to dismiss where Plaintiff failed to file a response to the motion); *Twelve John Does v. D.C.*, 117 F.3d 571, 577-78 (D.C. Cir. 1997)(upholding order of the District Court entered upon motion of a party without any written or oral objection from opposing counsel and reasoning that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

Pending appointment of counsel, Plaintiff shall refrain from further filings absent leave of the Court.

The Clerk of the Court shall mail a copy of this order to the Plaintiff:

CHINYERE UZOUKWU
10105 Towhee Avenue
Adelphi, MD 20783

SO ORDERED.
February 24, 2014

_____
Robert L. Wilkins
United States Circuit Judge
(Sitting by designation as United States
District Judge for the District of Columbia)